UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL GOMEZ CRUZ,<br><br>                Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>                Respondent. | No. 2: 23-cv-0664 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Introduction

      Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the undersigned recommends that this action be dismissed for failure to prosecute.

      On July 3, 2023, respondent filed a motion to dismiss.  (ECF No. 8.)  Petitioner did not file an opposition.  On August 2, 2023, the undersigned granted petitioner thirty days to file an opposition.  (ECF No. 9.)  In the August 2, 2023 order, the undersigned warned petitioner that failure to file an opposition would result in a recommendation that this action be dismissed for lack of prosecution.  (Id.)

////

////

////

1

The Court's Sanction Authority

*Local Rules and Inherent Power of Court*

Under the Local Rules of this district, this Court has the authority to impose any appropriate sanction to enforce its orders: "Failure of counsel or of a party to comply with ... any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." L.R. 110. Individuals proceeding pro se are bound by the Court's Local Rules the same as licensed attorneys. See L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.").

"District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Hous. Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

*Rule 41(b)*

Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action for failure to comply with a court order. Although that rule appears to contemplate that dismissal will be precipitated by a motion from the opposing party, a court may act sua sponte under Rule 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 640–43 (9th Cir. 2002) (affirming district court's sua sponte dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order").

Discussion

In exercising Rule 41(b), Local Rule powers, and the court's inherent authority, the undersigned recommends the dismissal of this action. In considering whether to dismiss an action

for failure to comply with a court order, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." See Pagtalunan, 291 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642. Here, petitioner failed to file an opposition to respondent's motion to dismiss. Petitioner's failure to comply with this order has stalled the case and prevents expeditious resolution of the case. Therefore, the first factor favors dismissal.

The court's need to manage its docket also weighs in favor of dismissal. The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." See Ferdik, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik."). The undersigned has spent time reviewing the petition and issuing orders regarding petitioner's failure to respond to respondent's motion. Thus, the factor of the court's need to manage its docket weighs in favor of dismissal.

The third factor—prejudice to respondent—supports dismissal. "A [respondent] suffers prejudice if the [petitioner's] actions impair the [respondent's] ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Adriana Int'l Corp. v. Thoerren, 913 F.2d 1406, 1412 (9th Cir. 1990)). While the prejudice to respondent is not great, the undersigned finds that petitioner's failure to prosecute this action prejudices respondent by delaying the rightful resolution of this case.

The fourth factor—less drastic alternatives—also weighs in favor of dismissal. Less drastic alternatives, including monetary sanctions, would prolong an action petitioner is apparently no longer interested in pursuing. Therefore, less drastic alternatives are not warranted.

1    The fifth factor—the public policy favoring the disposition of cases on their merits—ordinarily weighs against dismissal.  See In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d at 1228.  However, petitioner's failure to prosecute this case prevents this case from advancing to disposition on its merits.  This factor weighs only slightly against dismissal.

In sum, the five-factor analysis supports a recommendation for dismissal.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 7, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cruz664.fr

4